ESTEBAN RIVERA MALAVÉ, demandante y apelante, *v.* JOSÉ RODRÍGUEZ CRUZ, DOLORES VICENTE LEÓN, JUAN CRUZ COLÓN, LEONCIO ORTIZ y AVELINO ALVARADO, demandados y apelados.

No. 4525.—*Sometido:* Diciembre 14, 1929. *Resuelto:* Febrero 5, 1930.

*C. Domínguez,* abogado del apelante; *A. Porrata Doria,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Esteban Rivera Malavé inició este pleito en reivindicación de una finca de diez y ocho cuerdas y media situada en el barrio de Matón Arriba del municipio de Cayey.

Alegó que era dueño de ella por haberla adquirido por compra a Juan Anacleto Malavé hecha constar en escritura pública inscrita en el registro, y que los demandados detentaban su posesión. Reclamó además daños y perjuicios por valor de $550 por los beneficios obtenidos por los demandados de la finca en cuestión.

Los demandados contestaron negando general y específicamente los hechos de la demanda y alegando como materia nueva: José Rodríguez, Juan Cruz, Leoncio Ortiz y Avelino Alvarado que ellos nada tienen que ver con la posesión de la finca siendo simples trabajadores el primero como colono y los otros a jornal y todos bajo la dirección de la dueña la demandada Dolores Vicente León, y ésta que la finca es de su propiedad por haberla heredado de sus padres quienes antes de morir estuvieron como lo está ella desde entonces en posesión como dueños.

Y alegó además la demandada Dolores Vicente León que el documento en que funda el demandante su derecho se deriva de otro en el cual los padres de la demandada aparecen vendiendo la finca con pacto de retro a Juan Anacleto Malavé cuando lo cierto era que se trataba de un préstamo garantizado con hipoteca.

Y alegó además que Juan Anacleto Malavé jamás entró en posesión de la finca y que el demandante Esteban Rivera Malavé, su sobrino, sabía que la venta con pacto de retro no era una venta real sino una hipoteca que garantizaba cierto crédito que el propio Malavé Gutiérrez trató de cobrar por la vía judicial retirando luego la demanda.

Trabada así la contienda fué el pleito a juicio practicándose prueba por ambas partes. La corte finalmente dictó sentencia declarando la demanda sin lugar, y no conforme el demandante interpuso el presente recurso de apelación, habiendo archivado un alegato que no cumple en verdad con

las reglas de esta corte pues involucra en un señalamiento de error diferentes cuestiones que debieron señalarse separadamente. Sin embargo, penetraremos en el fondo del caso estudiando y resolviendo la verdadera cuestión fundamental envuelta en el litigio.

■■ En su relación del caso y opinión la corte sentenciadora aprecia la prueba así:

"Del conjunto de la prueba practicada aparece que por escritura de 15 de junio de 1923 otorgada bajo el Núm. 87, ante el Notario de Cayey, Guzmán Texidor, por don Juan Francisco Vicente y Cecilia León a favor de don Juan Anacleto Malavé, los primeros vendieron al segundo con pacto de retro la finca objeto de este litigio; que el citado Juan Anacleto Malavé vendió al demandante la referida finca, inscribiéndose su derecho en el Registro de la Propiedad; que ni Juan Anacleto Malavé ni tampoco el demandante Esteban Rivera en época alguna estuvieron en posesión material de la finca y que la demandada Dolores Vicente León ha estado poseyendo la mencionada finca, que adquirió por herencia de sus padres."

Y luego agrega:

"La Ley Núm. 47 de 13 de abril de 1916 en su sección primera dice:

" 'Sec. 1ra.—Toda venta de propiedad inmueble con pacto de retro-venta, se presumirá que constituye un contrato de préstamo por el montante del precio con garantía hipotecaria de la finca vendida, en cualquiera de los casos siguientes:

" '1.—Cuando el comprador no hubiera entrado en posesión material de la cosa vendida.'

"Aplicando la anterior disposición legal a los hechos de este caso, tenemos necesariamente que concluir que la escritura de venta con pacto de retro otorgada por Francisco Vicente y Cecilia León a favor de Juan Anacleto Malavé tiene el carácter de un contrato de préstamo con garantía hipotecaria, por lo que la Corte es de opinión que debe declarar, como declara sin lugar la demanda."

Examinados los autos no hay duda alguna que existe en ellos evidencia bastante para concluir como concluyó la corte que Malavé Gutiérrez no entró en la posesión material de la finca, ni menos el demandante.

Siendo ello así queda en pie la presunción de que la venta

con pacto de retro de la finca de que se trata—propiedad inmueble—de la que trae causa el demandante, constituye no una venta real sino un contrato de préstamo por el montante del precio con garantía hipotecaria de la finca vendida.

Con respecto al primitivo comprador Malavé Gutiérrez, parece que no existe duda alguna de que tal conclusión es la correcta. La duda surgió en el seno del tribunal con respecto a si la presunción se extendía al demandante que aparece adquiriendo del primitivo comprador con pacto de retro, decidiéndose la mayoría del tribunal por la afirmativa. La minoría sostiene que el demandante es un tercero y por tanto que le ampara el artículo 1365 del Código Civil que dispone que cuando la venta se hace mediante escritura pública, el otorgamiento de ésta equivale a la entrega de la cosa objeto del contrato, teniendo por tanto un claro derecho a reivindicar.

A nuestro juicio la cuestión de posesión no puede decidirse aquí aplicando el citado artículo 1365 del Código Civil. Dejando a un lado las peculiares circunstancias que en el caso concurren y que lo hacen aun más fuerte, y limitándonos a la prueba de la no posesión material del comprador con pacto de retro y a lo dispuesto en la Ley No. 47 de 13 de abril de 1916, que es una excepción a la regla general del Código, se concluye sin esfuerzo alguno que el que compra en las condiciones que lo hizo el demandante no debe confiar en el artículo 1365 del Código Civil,—no aplicable por disposición expresa del legislador al caso de la persona que le vendió—y está en tal virtud obligado a indagar si de hecho existió la posesión. De otro modo se corre el riesgo, como lo corrió a su perjuicio el demandante en este caso, de comprar a una persona que en verdad no es dueño sino acreedor hipotecario, constándole al segundo comprador que ello es así por tratarse de una presunción legal que está obligado a conocer.

La circunstancia de que cuando el demandante adquirió del primitivo comprador con pacto de retro hubiera transcurrido el término concedido para retraer, en nada influye porque la ley No. 47 de 1916 no se aprobó para ser aplicada

únicamente mientras subsiste dicho término. Es general y no cabe restringirla.

Tampoco influye en la conclusión a que hemos llegado el hecho de que el título del demandante esté inscrito en el registro, porque del propio registro constaba que el título de la persona que le vendió estaba basado en una compra con pacto de retro a la que era necesariamente aplicable la repetida ley No. 47 de 1916.

*Por virtud de todo lo expuesto debe confirmarse la sentencia recurrida.*

Los Jueces Asociados Señores Aldrey y Texidor disintieron.